## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

## LETTER OPINION AND ORDER

May 7, 2010

**VIA CM/ECF**
All counsel of record

Re:   **Kimberly Caldara v. NJ Transit Rail Operations, Inc.**
      **Civil Action No. 09-657 (SRC)(MAS)**

Dear Counsel:

This matter comes before the Court by way of a telephone status conference held on April 9, 2010, during which Plaintiff Kimberly Caldara ("Plaintiff") made an informal request to depose certain named and other unnamed individuals as part of discovery in the above-referenced matter.  Having carefully considered the Plaintiff's request, the related papers, each party's legal arguments and the legal standard enunciated herein, Plaintiff's request to depose certain individuals is granted in part and denied in part without prejudice.

### I.   SUMMARY OF FACTS

Since the parties are well-versed in the underlying facts of this application, the Court will only address those facts relevant to the informal motion currently before this Court.  Plaintiff is seeking to depose an undefined number of named and unnamed individuals during the discovery phase of this matter.  Specifically, Plaintiff requests to depose: 1) certain named individuals who are currently

employed or who were at some point employed by Defendant NJ Transit Rail Operations, Inc. ("Defendant" or "NJ Transit") and who witnessed or were involved in incidents of assault, battery or the like on or around the NJ Transit trains; 2) former and current members of the U.S. Transportation Union Local 60 who witnessed or were involved in incidents of assault, battery or the like; 3) a yet to be determined number of individuals whose identities may become known in the course of deposing any of the aforementioned individuals under the first and second categories; and 4) a police representative who can testify on the statistical occurrences of similar incidents to those described.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action.  *Id.*  As this Court has recognized, Rule 26 is to be construed liberally, keeping in mind that relevance is a broader inquiry at the discovery stage than at the trial stage.  *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Evans v. Employee Benefit Plan*, No. 03-4915, 2006 WL 1644818, at *4 (D.N.J. June 6, 2006); *Nestle Food Corp. v. Aetna Cas. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990).  Relevant information need not be admissible at trial, however, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence."  *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *see also Nestle, supra,* 135 F.R.D. at 104.

When the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(c) vests the District Court with the authority to limit a party's pursuit of

otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir.

1999). Accordingly, a discovery request may be denied if this Court finds that there exists a

likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a

consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative

or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample

opportunity to obtain the information by [other] discovery;" and (iii) "the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the action, and

the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c). The purpose

of this rule of proportionality is "to guard against redundant or disproportionate discovery by giving

the court authority to reduce the amount of discovery that may be directed to matters that are

otherwise proper subjects of inquiry." *Bowers v. Nat'l Collegiate Athletic Assoc.*, No. 97-2600,

2008 LEXIS 14944, at *14 (D.N.J. Feb. 27, 2008) (quoting *Leksi, Inc. v. Fed. Ins. Co.,* 129 F.R.D.

99, 105 (D.N.J. 1989)).

   Here, this Court finds good reason to grant, with certain conditions and limitations set forth

below, Plaintiff's request to depose: (i) certain named individuals[1] who are *currently* employed by

the Defendant *and* who either witnessed or were involved in a documented incident of assault,

battery or the like; (ii) current members of the U.S. Transportation Union Local 60 ("Local 60"),

who either witnessed or were involved in incidents of assault, batter or the like; and (iii)  a police

---

[1]   The category, "Named individuals," is defined by and limited to the persons named in Plaintiff's
     letter, dated March 30, 2010, Docket Entry Number 15.

representative who is likely to possess information relevant to Plaintiff's claims, provided Plaintiff apprises the Court of the identity of the police representative by a certain date set forth below.

This Court finds that the depositions of individuals who are *currently* employed by the Defendant or are current members of Local 60 *and* who either witnessed or were involved in a documented incident of assault, battery or the like, are appropriate, subject to certain time and location restrictions. First, this Court holds that the depositions of a limited number of the aforementioned individuals is relevant to Plaintiff's claims and may lead to admissible evidence, as it may result in information pertaining to whether Defendant or Defendant's employees negligently failed to maintain the safety and security of NJ Transit's trains and railroads. Requiring the depositions of current employees or Local 60 members involved in similar incidents or who witnessed same, as well as a police representative who can testify with regard to the statistical occurrences of similar incidents, is not so overly burdensome as to outweigh the benefits likely to result to the Plaintiff. The information Plaintiff seeks goes to the heart of her claim and this Court finds that the depositions are likely the best method of discovery for obtaining same.

However, this Court agrees with the Defendant's assertion that the depositions should be limited temporally and geographically, in order to alleviate the burdensome nature of Plaintiff's requests and to ensure that the discovery remains proportional to the needs of this matter. For instance, Plaintiff requests to take the depositions of persons who witnessed or were involved in incidents that occurred anywhere from twenty years prior to and two years after Plaintiff's May 9, 2007 alleged incident. To permit depositions related to incidents that did not occur within a time period that is reasonably proximate to the Plaintiff's alleged incident would be unduly burdensome

4

and not likely to lead to admissible evidence.  Thus, this Court finds that a temporal discovery limitations period of seven years prior to Plaintiff's alleged incident is also necessary and reasonable.

Moreover, the incident alleged by the Plaintiff occurred at or near the Secaucus Station. Therefore, based on the burdensome nature of the requested depositions, this Court finds it reasonable to limit the depositions to individuals who witnessed or were involved in similar incidents that either occurred at the Secaucus Station, which opened in December of 2003, or the Newark Station.   Since the Secaucus Station is relatively new, this Court finds good reason to allow depositions regarding incidents that occurred in or near the Newark Station to proceed, because the Newark Station is in proximity to the Secaucus Station and it is one of the larger stations in the area, which should assist Plaintiff in obtaining the relevant information she seeks.  Since discovery is broad during the pretrial proceedings, this Court finds that permitting the depositions of persons who experienced similar incidents in or near the Newark Station is appropriate.  To the extent Defendant seeks to exclude evidence and/or testimony related to incidents occurring in or near the Newark Station, Defendant will have the opportunity to file motions *in limine* and make objections prior to the commencement of any trial proceedings.

Also, if there is a dispute between the parties about whether a named individual is in fact currently employed by NJ Transit, NJ Transit shall search its employment records, taking into consideration alternate spellings of the person's name.  Plaintiff shall provide any additional identifying information that may be necessary for NJ Transit to assess whether the named individual was or is

currently employed by Defendant. For those individuals Defendant claims are not currently employed, Defendant shall provide a declaration certifying same.

Next, the Court denies without prejudice Plaintiff's request to depose any individual and/or Local 60 member, named or unnamed, who (1) is not currently employed by NJ Transit or is not a current Local 60 member; (2) who is not named in Plaintiff's letter submission to this Court; and (3) who did not witness or was not personally involved in an incident of assault, battery or the like while on duty as an employee of the Defendant or as a member of Local 60. While this Court understands that Plaintiff may be able to obtain some relevant and admissible evidence from the aforementioned depositions, this Court finds that the burden to the Defendant outweighs any such benefit. This Court finds that unless the individual is a current employee or Local 60 member, the location of the alleged incidents and time period between many of the incidents is too far apart to be of any real benefit to the Plaintiff. Plaintiff's letter brief indicates that Plaintiff mainly seeks this information in order to show Defendant's pattern of failure to secure and keep the trains and railroads safe. Plaintiff will be able to obtain this discovery from other depositions and discovery, including the deposition of the police representative. The Defendant discovery permitted by this Opinion and Order should suffice. Thus, the needs of this case and burdensome nature of Plaintiff's request provides good cause for this Court to deny without prejudice Plaintiff's request to depose the aforementioned individuals without prejudice.

### III.   **CONCLUSION**

For the foregoing reasons, Plaintiff's request to depose certain individuals is granted in part and denied in part without prejudice.  Therefore, it is **ORDERED THAT**:

1. Plaintiff shall be permitted to depose individuals named in Plaintiff's March 25, 2010 letter (Docket No. 15) who are currently employed by Defendant NJ Transit Rail Operations, Inc. *or* who are current members of the U.S. Transportation Union Local 60 *and* who witnessed or were involved in incidents of assault, battery or the like on the New Jersey Transit on or near the Secaucus Station or Newark Station, which occurred on or between May 9, 2000 to May 9, 2007.

2. Plaintiff shall be permitted to depose one police representative who can identify and discuss the statistical occurrences of incidents of assault, battery or the like on the New Jersey Transit.  The Plaintiff shall identify to the Court the name, address and title of the police representative that Plaintiff intends to depose by **May 14, 2010**.

3. Plaintiff's request to depose any individual and/or U.S. Transportation Union Local 60 member, named or unnamed, who:

   a.   is not currently employed by NJ Transit or is not a current Local 60 member;

   b.   is not named in Plaintiff's March 25, 2010 letter submission to this Court;

   c.   did not witness or was not personally involved in an incident of assault, battery or the like while on duty as an employee of the Defendant or as a member of U.S. Transportation Union Local 60; and/or

      d.     did not witness or was not involved in an incident of assault, battery or the like that occurred on or near the Secaucus Station or Newark Station between May 9, 2000 to May 9, 2007,

is denied without prejudice.

4. The parties shall meet and confer to assess which individuals fall into the aforementioned categories. The parties shall submit a joint proposed amended scheduling order, which includes the names of all the deponents and the dates and times that the depositions shall occur, by **May 21, 2010**.

5. Any disputes regarding proposed deponents shall be brought to this Court's attention immediately, but no later than **May 21, 2010**.


       /s Michael A. Shipp
       **HONORABLE MICHAEL A. SHIPP**
       **UNITED STATES MAGISTRATE JUDGE**