UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

## LETTER OPINION AND ORDER

September 8, 2010

**VIA CM/ECF**
All counsel of record

    Re:    **Kimberly Caldara v. NJ Transit Rail Operations, Inc.**
            **Civil Action No. 09-657 (SRC)(MAS)**

Dear Counsel:

       This matter comes before the Court by way of Plaintiff Kimberly Caldara's ("Plaintiff") motion for reconsideration of this Court's May 7, 2010 Letter Opinion and Order (Docket Entry Number ("Doc. No.") 18 ("May 7th Order")). (Doc. No. 20 ("Pl.'s Moving Br.").) Defendant New Jersey Transit Operations, Inc. ("Defendant" or "NJ Transit") opposes Plaintiff's motion. (Doc. No. 21 ("Def.'s Opp'n Br.").)

       For the reasons expressed below, Plaintiff's motion for reconsideration is denied.

       **I.**    **SUMMARY OF FACTS**

       Since the parties are well-versed in the underlying facts of this matter, the Court will only address those facts relevant to Plaintiff's motion for reconsideration. In the May 7th Order, this Court permitted Plaintiff to depose the following persons:

> individuals . . . who are currently employed by Defendant NJ Transit Rail
> Operations, Inc. *or* who are current members of the U.S. Transportation Union
> Local 60 *and* who witnessed or were involved in incidents of assault, battery or

> the like on the New Jersey Transit on or near the Secaucus Station or Newark Station, which occurred on or between May 9, 2000 to May 9, 2007. . . .
>
> one police representative who can identify and discuss the statistical occurrences of incidents of assault, battery or the like on the New Jersey Transit.

(May 7th Order 7.) Plaintiff requests that this Court broaden the scope of the above Order and permit Plaintiff to depose: (i) *any* NJ Transit employee or Local 60 member who witnessed or was involved in a similar incident to that alleged by Plaintiff in *any* NJ Transit station; and (ii) one or more police representatives who will be able to testify to all topics listed in Plaintiff's Rule 30(b)(6) Deposition Notice. (Pl.'s Moving Br. ¶ 32.)

## II.  LEGAL DISCUSSION

Under New Jersey Local Civil Rule 7.1(i), "[a] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment. . . . A brief setting forth concisely the matter or controlling decisions which the party believes the . . . Magistrate Judge has overlooked shall be filed. . . ." As an initial matter, this Court notes that Plaintiff's motion was filed one week late, without leave of Court.[1] Moreover, the May 7th Order explicitly stated that the parties were to advise this Court of any disputes regarding any deponent by May 21, 2010. (May 7th Order 8.) Nonetheless, in the interests of justice, this Court finds it prudent to decide Plaintiff's motion on the merits, and thus, will treat the motion as having been timely filed.

In the Third Circuit, the standard that must be met in order for a motion for reconsideration to be successful is well established. A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly

---

[1] The Letter Opinion & Order that Plaintiff requests this Court reconsider and modify was filed on May 7, 2010. Fourteen days from same date required any motion for reconsideration to be filed by May 21, 2010, as explicitly stated in the Order. Instead, Plaintiff's motion was filed on May 28, 2010.

available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). This Court has held that a motion for reconsideration should be granted where "the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion. . . ." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 2000). More specifically,

> [i]n satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth concisely the matters or controlling decisions which the counsel believes the court has overlooked. . . . a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple. Further, the moving party must show more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision. A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked . . . . a motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances.

*In re NJ Affordable Homes Corp.*, No. 05-60442, 2006 WL 4457337, at **3-4 (Bankr. D.N.J. July 19, 2006) (internal quotations and citations omitted).

Plaintiff argues that this Court's May 7th Order, in its current format, is prejudicial and places an undue burden on Plaintiff because it requires Plaintiff to name the police representative she seeks to depose and "limits Plaintiff's depositions of assaulted employees (or those who have witnessed assaults) to two of NJT's 165 stations." (Pl.'s Moving Br. ¶¶ 22-26.) Plaintiff's claims revolve around being injured by a passenger while working for Defendant as a passenger conductor. (*Id.* at ¶¶ 2-3.) Plaintiff argues that this Court should broaden the scope of depositions permitted by the May 7th Order, because she alleges that NJ Transit "failed to provide proper and necessary safety and/or police protection to its rail employees" on a system-wide basis. (*Id.* at ¶¶ 10-11.) Thus, Plaintiff takes the position that she must be permitted to depose witnesses regarding incidents

3

of NJ Transit's entire rail system in order to properly evaluate Defendant's security obligations. (*Id.* at ¶ 27.) By way of example, Plaintiff states the following:

> if the evidence were to disclose that there were only three NJT station[s] where assaults were likely, and there were nine police officers (enough to place one officer at each of the three stations 24-hours a day), NJT might be providing proper security. However, if there were 30 stations where assaults were likely, those same nine officers would likely be inadequate. The analysis requires knowledge of how many assaults are committed, and when, at each station and on each line; how many NJT police are available for station, rail and vehicle assignments; and how the NJT police are deployed throughout the entire NJT system. It also requires an identification of which train lines and stations are most likely to require a police presence because of past incidents.

(*Id.* at ¶ 20.) Plaintiff argues that this Court's limitation of depositions to two stations "prevents Plaintiff from engaging in meaningful discovery necessary to allow its expert security witness to analyze NJT's security and police deployment and opine whether said NJT security was adequate and sufficient to protect its rail employees." (*Id.* at ¶ 28.)

Next, Plaintiff takes the position that she should not be required to guess which police representative can testify to the topics on which Plaintiff intends to question same representative. (*Id.* at ¶¶ 23-24.) Instead, Plaintiff requests that this Court permit Plaintiff to serve a 30(b)(6) Deposition Notice on all the topics related to her lawsuit and require Defendant to produce one or more police representatives who have the necessary information and knowledge. (*Id.* at ¶¶ 24-25, 32.)

Defendant opposes Plaintiff's motion, asserting that Plaintiff has not met her burden for modification of the May 7th Order.[2] (Def.'s Opp'n Br. 5.) Specifically, NJ Transit contends that Plaintiff has failed to provide "any new facts, circumstances or evidence, or acknowledging legal

---

[2] As an initial matter, Defendant argues that Plaintiff's motion should be denied as untimely and against the Court's explicit instructions that any disputes were required to be brought to this Court's attention by May 21, 2010. (Def.'s Opp'n Br. 3-4.) However, as previously discussed, this Court finds that deciding Plaintiff's motion on the merits is in the best interests of all parties. Thus, the Court rejects Defendant's position.

4

authority to which the Court overlooked or misapplied." (*Id.*) Defendant further points out that although Plaintiff asserts she requires the additional depositions in order to better understand NJ Transit's security on a system-wide basis, Plaintiff's lawsuit does not involve all rail employees. (*Id.* at 6.) Thus, Defendant argues, the permitted depositions were "correctly temporally and geographically limited" to only incidents similar to Plaintiff's claims, which were held by the Court as relevant and discoverable. (*Id.*) Defendant also asserts that the Court properly limited depositions to current employees, because former employees are not in NJ Transit's control and, as such, Defendant should not "be held accountable" for same. (*Id.* at 7.) Finally, regarding the police representative to be deposed, Defendant notes that it notified Plaintiff of an individual and asked Plaintiff whether same representative was acceptable. (*Id.*) According to Defendant, Plaintiff never responded or objected to the proposed deponent. (*Id.*)

Here, the Court finds that Plaintiff's motion fails on the merits. Plaintiff did not provide any additional or dispositive facts or case law that this Court "overlooked" or failed to consider in its initial decision. While Plaintiff attached a sample police expert report, which may be considered new evidence, the Court's decision remains the same. The temporal and geographical limitations placed on the proposed deposition were imposed because the Court found that to permit a broader scope of depositions would be unduly burdensome to the Defendant when compared to the needs of the case. Specifically, the Court held:

> based on the burdensome nature of the requested depositions, this Court finds it reasonable to limit the depositions to individuals who witnessed or were involved in similar incidents that either occurred at the Secaucus Station, which opened in December of 2003, or the Newark Station. Since the Secaucus Station is relatively new, this Court finds good reason to allow depositions regarding incidents that occurred in or near the Newark Station to proceed, because the Newark Station is in proximity to the Secaucus Station and it is one of the larger stations in the area, which should assist Plaintiff in obtaining the relevant information she seeks. Since discovery is broad during the pretrial proceedings,

5

>  this Court finds that permitting the depositions of persons who experienced similar incidents in or near the Newark station is appropriate.

(May 7th Order 5.)

This Court finds that its holding was more than fair and reasonable and finds no need to modify same. Indeed, Plaintiff's claim revolves around an injury that she incurred while on duty in or near the Secaucus Station. As stated in the initial May 7th Order, Plaintiff primarily seeks the depositions "in order to show Defendant's [alleged] pattern of failure to secure and keep the trains and railroads safe." (*Id.* at 6.) As before, despite Plaintiff's motion for reconsideration, this Court finds that "Plaintiff will be able to obtain this discovery from other depositions and discovery, including the deposition of the police representative." (*Id.*) Thus, the Court finds that the May 7th Order, in its current format, and the limitation this Court imposed on the permitted depositions, will not create or impose a manifest injustice against Plaintiff.

Regarding the deposition of a police representative, this Court initially required Plaintiff to identify the police representative she wanted to depose on the issue of "statistical occurrences of incidents of assault, battery or the like on the New Jersey Transit." (May 7th Order 7.) Plaintiff now requests that the Court require Defendant to identify one or more representatives who can testify to any and all topics listed in Plaintiff's Rule 30(b)(6) Deposition Notice. (Pl.'s Moving Br. ¶ 32.) However, this Court has already ruled that it will permit one deposition and has limited the deposition topic to "statistical occurrences of incidents of assault, battery or the like on the New Jersey Transit." Plaintiff has not cited to any facts or laws the Court alleged overlooked that convince this Court that modification of the aforementioned ruling is necessary. Thus, Plaintiff's motion for reconsideration, as it pertains to the deposition of a police representative, is also denied.

However, Plaintiff should not be required to guess which police representative has information and knowledge on the topic of "statistical occurrences of incidents of assault, battery or the like on the New Jersey Transit." Thus, Defendant shall identify the appropriate police representative who can testify to the aforementioned deposition topic, which may very well be the representative previously identified by Defendant.

### III.  CONCLUSION

For the foregoing reasons, and for good cause shown, it is **ORDERED THAT**:

1. Plaintiff Kimberly Caldara's motion for reconsideration is denied.

2. Plaintiff shall be permitted to depose individuals named in Plaintiff's March 25, 2010 letter (Doc. No. 15) who are currently employed by Defendant NJ Transit Rail Operations, Inc. *or* who are current members of the U.S. Transportation Union Local 60 *and* who witnessed or were involved in incidents of assault, battery or the like on the New Jersey Transit on or near the Secaucus Station or Newark Station, which occurred on or between May 9, 2000 to May 9, 2007.

3. Plaintiff shall be permitted to depose one police representative who can identify and discuss the statistical occurrences of incidents of assault, battery or the like on the New Jersey Transit. The Defendant shall identify the name, address and title of the police representative by **September 22, 2010**.

4. The parties shall meet and confer to discuss the scheduling of all remaining depositions of fact witnesses. The parties shall submit a joint proposed amended scheduling order, which includes the name of each deponent and the dates and time of each deposition, to this Court by **September 22, 2010**.

5. There shall be an in-person status/settlement conference on **October 4, 2010** at **4:00 pm**. All counsel and clients with full settlement authority must appear in person. One week prior to the conference, the parties shall each submit a confidential status/settlement letter to this Court via facsimile to (973) 645-4412. The letter shall set forth the status of the case, each party's position regarding any discovery-related disputes and each party's settlement position, including offers and demands.

        s/ Michael A. Shipp
        **HONORABLE MICHAEL A. SHIPP**
        **UNITED STATES MAGISTRATE JUDGE**